**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 31, 2009[*]
Decided April 2, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3021

MARK A. WINGER,
    *Plaintiff-Appellant*,

      *v.*

GUY D. PIERCE, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Central District of Illinois.

No. 06-1226
Harold A. Baker, *Judge*.

### Order

    Mark Winger filed a complaint under 42 U.S.C. §1983, contending that officials at his prison violated the Constitution by restricting his opportunity for outdoor exercise for more than a year. A disciplinary infraction (soliciting a murder) led to the revocation of a year's good-time credits, a year in segregation, and a year's loss of yard privileges. According to the complaint Winger spent at least 9 consecutive months indoors. After he complained of panic attacks, he was allowed a single hour of outdoor exercise. The district court dismissed the complaint under 28 U.S.C. §1915A, citing *Pearson v. Ramos*, 237 F.3d 881 (7th Cir. 2001), for the proposition that a year's denial of yard privileges does not violate the Constitution's eighth amendment.

    *Pearson* reached its conclusion only after a trial, and the court thus was able to evaluate the effects of the limit on yard privileges in the context of the prison's justifications for the restrictions. We observed along the way that an unjustified, lengthy deprivation of opportunity for out-of-cell exercise "could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual." 237 F.3d at 884. See also

---

[*] Defendants were not served with process in the district court and have elected not to participate in this appeal, which is submitted for decision on appellant's brief and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). But Pearson's misconduct justified the restrictions, we concluded. Pearson repeatedly attacked guards, making it understandable that the prison wanted a form of punishment that reduced his opportunity for similarly aggressive behavior: "To confine in 'solitary' a prisoner who behaves like a wild beast whenever he is let out of his cell is the least cruel measure that occurs to us for dealing with such a person." 237 F.3d at 885.

Winger equates "lack of yard privileges" with "lack of exercise." If that is so, then it is difficult to see how even nine months' deprivation could be deemed consistent with the eighth amendment. Dismissal under §1915A was therefore inappropriate. Yet perhaps the prison offered Winger an opportunity for adequate indoor exercise, or perhaps there are good penological reasons for the sort of restrictions to which Winger was subjected. See *Turner v. Safley*, 482 U.S. 78 (1987). Once the defendants answer the complaint, and the parties have an opportunity to present evidence, these questions may come into focus. We do not hold that Winger is entitled to prevail, only that his complaint states the sort of claim that cannot be dismissed out of hand.

Because further proceedings are necessary, the district court may wish to reconsider whether it would be appropriate to recruit counsel to assist Winger. See *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc).

The judgment is vacated, and the case is remanded for further proceedings. In light of this disposition, neither the suit nor the appeal counts as a "strike" under 28 U.S.C. §1915(g).